NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT D. TENLEY (Cal. Bar No. 298911)
Assistant United States Attorney
     8000 United States Courthouse
     411 West Fourth Street
     Santa Ana, California 92701
     Telephone: (714) 338-2829
     Facsimile: (714) 338-3561
     E-mail:   scott.tenley@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>          v.<br><br>NICHOLAS JOSEPH CHELINI,<br>  aka "Chill,"<br>  aka "Boss Man,"<br><br>       Defendant. | No. SA CR 19-070(B)-AG-3<br><br>GOVERNMENT'S SENTENCING POSITION AS TO DEFENDANT NICHOLAS JOSEPH CHELINI<br><br>Sent. Date:  January 29, 2020<br>Sent. Time:  9:00 a.m.<br>Location:   Courtroom of the<br>             Hon. Andrew Guilford |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Scott D. Tenley, hereby files its sentencing position as to defendant Nicholas Joseph Chelini.

    This sentencing position is based upon the attached memorandum of points and authorities, the declaration of Scott D. Tenley and attached exhibit, the presentence investigation report, the

//

//

1  disclosed recommendation letter, the files and records in this case,

2  and such further evidence and argument as the Court may permit.

3  Dated: January 16, 2020          Respectfully submitted,

4                                    NICOLA T. HANNA
                                     United States Attorney
5
                                     BRANDON D. FOX
6                                    Assistant United States Attorney
                                     Chief, Criminal Division
7
                                     _____/s/_____
8                                    SCOTT D. TENLEY
                                     Assistant United States Attorney
9
                                     Attorneys for Plaintiff
10                                   UNITED STATES OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Defendant Nicholas Joseph Chelini, also known as "Chill" and "Boss Man," awaits sentencing after pleading guilty to playing a leadership role in a conspiracy to conduct armed robberies of hotels, convenience stores, and drug traffickers in Orange County and elsewhere.  As a leader of the conspiracy, defendant would identify the hotel, convenience store, gas station, or drug trafficker to be robbed and would thereafter collect a "tax" from the robbery participants for doing so.  For this conduct, defendant has pleaded guilty to a single count of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a).

Defendant's criminal conduct is serious and warrants a significant custodial sentence.  For the reasons set forth herein, the government respectfully recommends a low-end sentence of 46 months' imprisonment, followed by three years' supervised release, restitution in the amount of $1,955, and a special assessment of $100.

**II.   OFFENSE CONDUCT**

In his plea agreement, defendant admitted to the following facts:

Between February 2019 and March 22, 2019, defendant conspired and agreed with others to interfere with commerce by robbery by robbing hotels, convenience stores, and drug traffickers.  Sometime prior to February 12, 2019, defendant identified his former place of employment, the Hills Hotel, located at 25205 La Paz Road, Laguna Hills, California, in Orange County, within the Central District of California, to a

co-conspirator [MANUEL LUNA] as a potential robbery target.
Defendant also informed [LUNA] and another co-conspirator ("CC-2") that the Hills Hotel had two cash registers in the lobby
that could be robbed.  On February 12, 2019, [LUNA] and CC-2
entered the Hills Hotel to conduct the robbery.  [LUNA] was
armed with a replica firearm, and CC-2 was armed with a knife.
[LUNA] pointed the replica firearm at employees to threaten and
intimidate them.  CC-2 brandished a knife, also in order to
threaten and intimidate the employees.  As a result of those
threats, [LUNA] and CC-2 stole $400 in cash from the Hills
Hotel.  Defendant waited in a getaway vehicle during the robbery
and claimed a portion of the proceeds of the robbery after it
was completed.  Only three participants were involved in the
February 12, 2019 robbery of the Hills Hotel.

Thereafter, defendant acted in an organizational and
leadership role for robberies carried out by [LUNA] and two
other co-conspirators ([MATTHEW HETRICK] and [TANNER
WOOTAN]).  [LUNA] and [HETRICK] referred to defendant as
"Boss" or "Boss Man."  Defendant identified and/or selected
robbery targets, directed [LUNA] and [HETRICK] regarding
the recruitment of drivers, and collected a "tax" from the
robbery proceeds based on his status within the conspiracy.
Beginning in mid-March, defendant allowed [LUNA] and
[HETRICK] and another co-conspirator ([WOOTAN]) to reside
at his family's residence rather than hotels.  During that
time, [LUNA] and [HETRICK] committed two hotel robberies,
and attempted a third.  As an organizer and leader of the
other conspirators, defendant never entered a victim

2

1    business to carry out the robberies, but nonetheless

2    profited from them.  All of the robberies for which

3    defendant acted in an organizational and/or leadership role

4    involved less than four other participants.[1]

5  (See Plea Agreement ¶ 11; PSR ¶¶ 21-33.)

6       In addition to the robbery of the Hills Hotel, the government's

7  investigation established that defendant was present for, at the

8  least, the following robberies:

9       •     The March 5, 2019 robbery of Laguna Hills Inn, in Laguna

10            Hills, California, during which $1,000 was stolen at

11            knifepoint.  (PSR ¶¶ 55-57.)

12      •     The March 5, 2019 robbery of Best Western Capistrano Inn in

13            San Juan Capistrano, California, during which $407 in cash

14            was stolen at knifepoint.  (PSR ¶¶ 58-60.)

15      •     The March 10, 2019 robbery of 7-Eleven in Mission Viejo,

16            California, during which $148 and various merchandise was

17            stolen using a replica firearm.  (PSR ¶¶ 62-65.)

18      Finally, the investigation established that defendant "set-up" a

19  drug trafficker to be robbed by his co-conspirators in mid-March

20  2019.  (Tenley Decl. Ex. 1) (text message seized from defendant's

21  cellular telephone showing the negotiation of a drug transaction and

22  a subsequent robbery by Manuel Luna).  Indeed, co-conspirator Tanner

23  Wootan pleaded guilty to participating in that robbery.  (See CR 157

24  at ¶ 10 (Wootan Plea Agreement) (admitting "During the early morning

25  hours of March 16, 2019, via text messages, CC-3 [defendant Chelini]

26  arranged to sell drugs to a drug customer in Foothill Ranch,

27

28      [1] Defendant also admitted to certain other jurisdictional facts.
  (See generally id.; PSR ¶¶ 13-20.)

3

California . . . .  CC-3 [Defendant Chelini] did not engage in the drug sale, but instead directed defendant, [Luna], and [Hetrick] to rob the drug customer of the money he intended to use to purchase the drugs.").)

## III. SENTENCING GUIDELINES CALCULATION AND USPO RECOMMENDATION

Consistent with the parties' plea agreement, the USPO calculated the offense level as follows:

| | | |
|---|---|---|
| Base Offense Level: | 20 | [U.S.S.G. § 2B3.1(a)] |
| Dangerous Weapon: | +4 | [U.S.S.G. § 2B3.1(b)(2)(D)] |
| Role in the Offense: | +2 | [U.S.S.G. § 3B1.1(c)] |
| Acceptance of Responsibility: | -3 | [U.S.S.G. § 3E1.1(a), (b)] |
| **Total Offense Level:** | 23 | |

(PSR ¶¶ 38-52.)

The USPO determined that defendant has no prior criminal convictions that result in criminal history points.  This results in a criminal history score of 0, and a criminal history category of I. (PSR ¶¶ 66-70.)

With an offense level of 23, in criminal history category I, the advisory Guidelines range is 46-57 months' imprisonment.  The USPO recommends a sentence of 37 months' imprisonment (a two-level downward variance), three years' supervised release, restitution in the amount of $1,955, and a special assessment of $100.  (Disclosed Rec. Letter.)

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

### A.   Legal Background

"All sentencing proceedings are to begin by determining the applicable Guidelines range," which serves as "the starting point and the initial benchmark" for determining a reasonable sentence.  United

States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotation marks and citation omitted).  The parties should then be given an opportunity to argue for what they believe is an appropriate sentence.  Id.  Following argument by the parties, the Court must consider each of the sentencing factors listed in 18 U.S.C. § 3553(a), including the applicable Guidelines range, "to decide if [those factors] support the sentence suggested by the parties."  Id.; see also Gall v. United States, 552 U.S. 38, 49 (2007).  In the end, the Court must impose a sentence that is "sufficient, but not greater than necessary," to reflect the offense's seriousness, to promote respect for the law, and to provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  See 18 U.S.C. § 3353(a); Carty, 520 F.3d at 991.

**B.    Government's Position Re: Sentencing Factors**

Defendant's criminal conduct is serious, and a significant custodial sentence is necessary in order to meet all of the important goals of sentencing, including to reflect the nature and circumstances of the offense, to promote just punishment, to protect the public, and to deter defendant and others from committing similar conduct in the future.

Defendant effectively led and managed a team of conspirators who performed dangerous robberies throughout Orange County.  It was defendant who selected the robbery targets.  (PSR ¶ 22.)  In one robbery, defendant recommended that his former employer be robbed

based on defendant's inside information about where cash was kept.[2] (See PSR ¶ 28.)  Additionally, defendant would oftentimes wait outside of the robbery in the getaway car while the crime occurred. (See PSR ¶ 26.)

The circumstances of defendant's criminal conduct are aggravating.  The robberies defendant directed and organized were dangerous and violent, often occurring with a replica firearm (which, by all accounts, appeared entirely real) and knifes.  The victims of these robberies, though unharmed, will suffer from emotional trauma for years to come.  Defendant's leadership role is an aggravating fact that has not been present for other defendant's sentenced in this case.  (See PSR ¶ 46.)  Defendant was older than his co-defendants, and they referred to him as "Boss" or "Boss Man" in recognition of his role within the conspiracy.

The government submits that a Guidelines range sentence is appropriate in this case.  Within the applicable Guidelines range, a low-end sentence of 46 months is appropriate on account of the various mitigating factors identified in the PSR.  This includes defendant's troubled upbringing (PSR ¶¶ 82-85) and his drug and alcohol abuse (PSR ¶ 89).

The recommended sentence of 46 months does not create an unwarranted disparity with others who have been sentenced.  While defendant Hetrick was sentenced to 37 months (PSR ¶ 7), Hetrick acted as a driver during the conspiracy and did not play any leadership role.  On the other hand, the USPO's recommended sentence of 37

---

[2] As the Court may recall, the two victim employees of the Hills Hotel robbery made victim impact statements during the sentencing of co-defendant Manual Luna.

6

months – the same as Hetrick – would create a disparity.  Hetrick presented different, but compelling, mitigating circumstances.  He did not, however, play a leadership role in the offense.

**V.    CONCLUSION**

The government respectfully recommends that defendant be sentenced as follows: 46 months' imprisonment, three years' supervised release, restitution as set forth in the disclosed recommendation letter, and a $100 special assessment.

1

**CERTIFICATE OF SERVICE**

2     I, Scott D. Tenley, declare:

3     That I am a citizen of the United States and a resident of or

4 employed in Orange County, California; that my business address is

5 the Office of United States Attorney, 411 West Fourth Street, Santa

6 Ana, California 92701; and that I am over the age of 18;

7     That I am employed by the United States Attorney for the Central

8 District of California, who is a member of the Bar of the United

9 States District Court for the Central District of California, at

10 whose direction the service by mail described in this Certificate was

11 made; that on January 16, 2020, I sent by email, a copy of:

12

13     **Government's Sentencing Position re Nicholas Joseph Chelini**

14

15 to USPO Gregory Vidana.

16     This Certificate is executed on January 16, 2020 at Santa Ana,

17 California.  I certify under penalty of perjury that the foregoing is

18 true and correct.

19

20                            SCOTT D. TENLEY

21

22

23

24

25

26

27

28